UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONN MARQUEE BRILEY (EX. REL.
ASARU NESU AMUN RE BEY),

                    Plaintiff,

          -against-

CITY OF YONKERS; MIKE RAMONELLI;
VICNENT SPANO; NERISSA D. PENA;
EVAN INLAW; VERRIS BUNAH SHAKO;
KAREN NICOLE BEST; MICHAEL HEATH;
DENNINE A. SMIDDY; JOSEPH NAGLE;
NICOLE KOSMOLSICK; DANIEL EPHRAIM
LIBERSOHN; AMY ORANGE FINZIE,

                    Defendants.

25-CV-1105 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging

that Defendants violated his constitutional rights, including his rights under the Takings Clause

of the Fifth Amendment. He sues the City of Yonkers; three court clerks employed at the

Yonkers City Criminal Court (Mike Romanelli, Vincent Spano, and Nerissa D. Pena); three

Yonkers City Criminal Court judges (Evan Inlaw, Verris Bunah Shako, and Karen Nicole Best);

four property officers or property clerks employed by the Yonkers Police Department; an

assistant district attorney (Amy Orange Finzie); and an attorney assigned to Plaintiff's criminal

defense (Daniel Ephraim Libersohn). He seeks monetary, declaratory, and injunctive relief.

By order dated February 10, 2025, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court

dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff—who identifies himself as an "Aboriginal Asiatic Moor American, Freehold by Birthright, Primogeniture and Inheritance, National Moraccan Empire and right Heir of Maghrib

2

Al-Aqsa" (ECF No. 1, at 15)—alleges as follows[1]: On May 5, 2022, Plaintiff deposited an irrevocable trust and a last will and testament with the Westchester County Surrogate's Court. (*Id*.) About five months later, on September 29, 2022, Plaintiff went to the Yonkers District Social Secucity Adminsitration and "received an SSA-2458 Form with a wet signature of an authorized official stating that 'He is alive[,]' thereby remov[ing] the Plaintiff's name from the Social Security Death Master File." (*Id*.)

Plaintiff's allegations then pivot to describe an apparently unrelated arrest and prosecution, during which time Defendants initiated "an unrelenting law fare campaign" against him. (*Id*.) He states that Defendants "collectively weaponized their official capacity as public officers and conspired to chill the effect of the Plaintiff's exercise of his First Amendment rights through actions that do not advance any legitimate penological interest." (*Id*. at 16.) Specifically, he alleges that on September 1, 2023, he went to the Yonkers City Property Unit "to retrieve his shotgun and ammunition[,] which was held for safekeeping." (*Id*.) An unidentified officer informed him, however, that his ammunition had been "disposed." (*Id*.) Based on Plaintiff's review of the chain-of-custody report, he concludes that four police officers—Defendants Smiddy, Nagle, Kosmolsick, and Heath—were responsible for keeping his property safe but nevertheless either stole it or allowed it to be stolen. (*Id*.)

Plaintiff next alleges that on June 6, 2023, which is several months before he allegedly concluded that Defendants Smiddy, Nagle, Kosmolsick, and Heath were responsible for losing or stealing his property, Judge Inlaw issued a bench warrant for his arrest "in hopes of getting a psychiatric commit[ment]." (*Id*.) Plaintiff then alleges that on September 1, 2023, a police

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

detective told Plaintiff about the existence of the bench warrant and opined that the bench warrant may have been responsible for Plaintiff's allegedly failing a background check at a nearby firearms dealer earlier that day. (*Id*. at 17.)

During court appearances from September 1, 2023 to January 10, 2024, Plaintiff noticed that court clerks at the Yonkers City Criminal Court used color-coded folders for the court files, which Plaintiff concludes is evident of "bias." (*Id*.)

On October 13, 2023, Plaintiff filed an administrative complaint with the Yonkers Police Department concerning his missing ammunition. (*Id*.) On November 13, 2023, Plaintiff delivered an unspecified affidavit to the Westchester County District Attorney's Office. (*Id*.) He does not explain the significance of these allegations or describe the connection between them, if any.

Plaintiff arrived in Yonkers City Criminal Court on November 15, 2023. During Plaintiff's court appearance on that date, Judge Shako appointed Daniel Libersohn as Plaintiff's criminal defense attorney, over Plaintiff's repeated objections. (*Id*. at 18.) Plaintiff alleges that in response, Libersohn threatened to kill Plaintiff. (*Id*.) Plaintiff also alleges that Judge Shako failed to reprimand Libersohn for his threat to Plaintiff. (*Id*.) Judge Shako thereafter ejected Plaintiff from the courtroom. Shortly after, a bailiff approached Plaintiff, "handed the Plaintiff a paper slip and told him the judge said to call psychiatrist Dr. Norton for an appointment the next business day." (*Id*. at 19.) Plaintiff did not call the psychiatrist. (*Id*.)

At Plaintiff's next court appearance on January 10, 2024, Judge Best threatened Plaintiff for refusing to accept Libersohn as his attorney and for failing to get a psychiatric evaluation, which Judge Best directed Plaintiff to do before his next court appearance. (*Id*.)

Plaintiff demands $100 million, in addition to declaratory and "Nationwide" injunctive relief. (*Id*. at 20.)

## DISCUSSION

**A.      The Yonkers City Court Judges**

Plaintiff sues Evan Inlaw, Verris Bunah Shako, and Karen Nicole Best, all of whom he identifies as Yonkers City Criminal Court judges, related to their conduct during Plaintiff's court proceedings.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"Even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven,* 579 F.3d at 210 (citations omitted). The doctrine applies "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. 349, 356 (citation omitted)). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity therefore applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citation omitted). Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10. But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356.

To the extent Plaintiff's claims against Defendants Inlaw, Shako, and Best arise out of individual cases before them, Plaintiff does not allege any facts showing that they acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. The Court therefore dismisses Plaintiff's claims for damages against Defendants Inlaw, Shako, and Best because Plaintiff seeks monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

Although the doctrine of judicial immunity does not absolutely bar a claim for prospective injunctive relief against a judicial officer acting in his or her judicial capacity, *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), in the Federal Courts Improvement Act of 1996 ("FCIA"), Congress amended 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, as amended by FCIA, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996).

Here, Plaintiff does not allege that Defendants Inlaw, Shako, or Best violated a declaratory decree. Nor does he allege any facts suggesting that declaratory relief is unavailable. *See Davis v. Campbell*, No. 13-CV-0693 (LEK) (ATB), 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."). The Court therefore dismisses

6

Plaintiff's claims for declaratory and injunctive relief Defendants Inlaw, Shako, and Best based on the doctrine of judicial immunity.

**B.      The Yonkers City Court Clerks**

Similarly, Plaintiff's claims against Defendants Mike Ramonelli, Vincent Spano, and Nerissa D. Pena, who Plaintiff sues for their conduct as Yonkers City Court clerks, must be dismissed on immunity grounds. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *Kane v. Malone*, No. 25-CV-0951 (RER) (LB), 2025 WL 1453891, at *2-3 (E.D.N.Y. Mar. 7, 2025) (applying judicial immunity and dismissing allegations of court clerks "repeatedly rejecting" filings and deleting or refusing to file documents, including emergency motions, orders, and appeal-related filings), *appeal pending*, No. 25-1297 (2d Cir.); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) (holding "Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity); *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y Apr. 5, 2007) (extending judicial immunity to federal court clerk with respect to claims arising out of the filing and docketing of legal documents); *Argentieri v. Clerk of Ct. for Judge Kmiotek*, 420 F. Supp. 2d 162, 165 (W.D.N.Y. 2006) (explaining that "[i]nasmuch as [the] plaintiff claims that [the] defendants violated his rights by refusing to acknowledge his motions or to schedule his court

7

proceedings, [the] defendants were assisting judges in performing essential judicial functions. As a result, [the] plaintiff's claims are barred by absolute immunity.").

Plaintiff's claims against Defendants Ramonelli, Spano, and Pena arise from the manner in which they maintain court records, which is an integral part of the judicial process. These claims must therefore be dismissed because Plaintiff seeks relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills*, 645 F.3d at 177.

**C.      The Assistant District Attorney**

Plaintiff sues Amy Orange Finzie, an assistant district attorney assigned to his prosecution. The Court must dismiss Plaintiff's claims for damages under the doctrine of prosecutorial immunity.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity (citation omitted)).

Here, Plaintiff's claims against Defendant Finzie are based on actions within the scope of her official duties and associated with the conduct of pretrial proceedings. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**D.      The Attorney Assigned to Plaintiff's Criminal Defense**

Plaintiff sues Daniel Ephraim Libersohn, an attorney appointed by the Yonkers City Criminal Court to represent him in criminal proceedings who allegedly threatened him after being told by Plaintiff that he did not want Libersohn to represent him. The Court must dismiss these clamis as well.

To state a claim of federal constitutional violations under 42 U.S.C. § 1983, a litigant must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes*, 723 F.3d at

9

406 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's legal representation of a private person does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Shorter v. Rice*, No. 12-CV-0111 (JFB) (ETB), 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

Plaintiff alleges no facts showing how Defendant Libersohn acted as a state actor when he allegedly violated Plaintiff's federally protected rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against Defendant Libersohn for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.    The City of Yonkers and the Yonkers Police Department Property Officers**

Plaintiff sues the City of Yonkers and four of its "police property" officers—Michael Heath, Dennine A. Smiddy, Joseph Nagle, and Nicole Kosmolsick—concerning their loss, destruction, or theft of Plaintiff's shotgun ammunition. He alleges that this conduct violated his rights under the Takings Clause of the Fifth Amendment.

"The Takings Clause of the Fifth Amendment provides that 'private property [shall not] be taken for public use, without just compensation.'" *Cmty. Hous. Improvement Program v. City of New York*, 59 F.4th 540, 550 (2d Cir. 2023) (quoting U.S. Const. amend. V). Thus, "[a]

property owner" may bring a "Fifth Amendment takings claim" under Section 1983 "when the government takes his property without paying for it." *Knick v. Twp. of Scott*, 588 U.S. 180, 185 (2019); *see Mercedes-Benz Fin. Servs. USA, LLC v. City of New York*, 770 F. Supp. 3d 643, 661 (S.D.N.Y. 2025). The law recognizes two types of takings: (1) "physical takings," which occur "[w]hen the government physically takes possession of an interest in property for some public purpose"; and (2) "regulatory takings," which involve "regulations that prohibit a property owner from making certain uses of her private property." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 321-22 (2002). As Plaintiff alleges that the Yonkers police officers physically seized his ammunition, this matter involves the former.

While the Takings Clause protects personal property, a plaintiff must establish that the property at issue was taken for public use as opposed to some other purpose, such as a proper exercise of state police power. *See, e.g., Sullivan v. Maha*, 834 F. App'x 619, 621 (2d Cir. 2020) (holding that the plaintiff could not state a claim where his pistol permit was suspended and his guns were confiscated because he failed to adduce evidence that the firearms at issue were taken for public use); *Wilson v. Cnty. of Suffolk*, No. 21-CV-3716 (SIL), 2025 WL 2987496, at *9 (E.D.N.Y. Oct. 23, 2025) (holding that seizure of a plaintiff's firearms were not for "public use" but instead "the seizure was an invocation of police power") (citation omitted); *Brown v. Town of Amherst*, No. 23-CV-993 (EAW), 2024 WL 4308310 *13 (W.D.N.Y. Sept. 26, 2024) (dismissing claim where property was not taken for "public use"); *Chyung v. City of Norwich*, No. 22-CV-712 (MPS), 2023 WL 3289088 at *3 (D. Conn. May 5, 2023) (holding that where an officer steals or loses a citizen's property, there was no public use sufficient to invoke the Fifth Amendment); *see also Johnson v. Manitowoc County*, 635 F.3d 331, 336 (7th Cir. 2011) (holding that "the Takings Clause does not apply when property is retained or damaged as the

result of the government's exercise of its authority pursuant to some power other than the power of eminent domain"); *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) ("Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause.").

Here, Plaintiff alleges that Defendants Heath, Smiddy, Nagle, and Kosmolsick lost, stole, or destroyed his ammunition. He does not provide any facts that would allow the Court to infer that the ammunition was lost, stolen, or destroyed for public use. Plaintiff therefore fails to state a claim against Defendants City of Yonkers, Heath, Smiddy, Nagle, and Kosmolsick. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## F.     Leave to Amend Granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court for Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983 related to the alleged theft or destruction of his ammunition, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. The Court denies leave to amend for any other claim or purpose.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court, however, grants Plaintiff 30 days' leave to replead his claims, as specified above, in an amended complaint. If Plaintff fails to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to a enter a judgment dismissing this actions for the reasons set forth in this order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   March 19, 2026
         New York, New York

_____
            Louis L. Stanton
            U.S.D.J.

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name           Middle Initial        Last Name

_____

Street Address

_____

County, City               State           Zip Code

_____

Telephone Number        Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State              Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State              Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State              Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State                Zip Code

## III.  STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7