UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONN MARQUESE BRILEY,

                Plaintiff,

      -against-

CITY OF YONKERS, et al.,

                Defendants.

25-CV-1105 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se*. On March 19, 2026, the Court: (1) dismissed, on judicial immunity grounds, all claims against the Yonkers City Court judges and clerks named as defendants; (2) dismissed, on prosecutorial immunity grounds, all claims against the assistant district attorney named as a defendant; (3) dismissed, for failure to state a claim, all claims against Plaintiff's criminal defense attorney; (4) dismissed, for failure to state a claim, all claims against the City of Yonkers and the Yonkers Police Department related to the alleged destruction or loss of Plaintiff's ammunition; and (5) granted Plaintiff 30 days' leave to amend his complaint to assert a claim under 42 U.S.C. § 1983, related to the alleged theft or destruction of his ammunition. (ECF No. 9.) By letter dated April 21, 2026, Plaintiff requested "a thirty (30) day continuance of time to allow the Plaintiff to replead his case to the court." (ECF No. 10.) By order dated April 23, 2026, the Court granted the motion to the extent of granting "Plaintiff 30 days' leave, from the date of [that] order, to file an amended pleading consistent with the instructions set forth in the order dated March 19, 2026." (ECF No. 11, at 1.) That order specified that "[i]f Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action for the reasons set forth in the order dated March 19, 2026." (*Id.*)

Instead of submitting an amended complaint, on May 18, 2026, Plaintiff submitted a letter that he styles as a "Motion for Leave to Renew." (ECF No. 12.) In the motion, "Plaintiff affirms and attest[s] that he requests to move forward with his original Pro Se complaint submission completely intact" and appears to challenge the order dated March 19, 2026. (*Id.* at 1.)

The Court liberally construes this submission as a motion for reconsideration under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A party who moves for reconsideration under Local Civil Rule 6.3 must show that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Plaintiff failed to file this motion, or even his motion for a 30-day extension of time to "replead his case to the court," within 14 days of the order dated March 19, 2026 that he challenges in his motion. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

## CONCLUSION

Plaintiff's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 12.

SO ORDERED.

Dated:    May 27, 2026
          New York, New York

_____
Louis L. Stanton
U.S.D.J.

3